OPINION
Appellant David Wellman began working for appellee Wheeling Lake Erie Railway Company in 1990. His employment was terminated in 1993. On July 7, 1994, appellants David and Ruth Wellman filed a complaint in the Stark County Common Pleas Court, naming appellee as defendant. The complaint raised claims for wrongful discharge, violation of public policy, breach of implied contract, promissory estoppel, and intentional infliction of emotional distress. While this claim was pending, appellants filed an action in the United States District Court, Northern District of Ohio, naming appellee as defendant. Appellants pled federal claims of discrimination and pendent state claims, all involving the demotion and termination of appellant's employment with appellee. On July 12, 1995, appellee filed its answer in the Federal District Court, denying the allegations raised by the appellants. On September 21, 1995, appellants filed a notice of dismissal, with prejudice, of the case pending in Common Pleas Court. On January 9, 1997, the federal court granted summary judgment in favor of appellee as to all federal claims. The court dismissed the pendent state claims without prejudice. On January 12, 1999, appellant once again filed a complaint in Stark County Common Pleas, alleging the same causes of action that had been dismissed on September 21, 1995. Appellee filed an answer, pleading the affirmative defense of res judicata, and a motion to dismiss grounded on this defense. The motion to dismiss was granted. Appellant appealed to this court. We reversed and remanded, holding that the affirmative defense of res judicata must be addressed pursuant to a motion for summary judgment. On January 12, 2000, the trial court converted the Civ.R. 12 (B)(6) motion to dismiss into a Civ.R. 56 motion for summary judgment. The court then granted appellee's motion for summary judgment on the basis of res judicata. Appellants assign a single error on appeal:
 ASSIGNMENT OF ERROR THE LOWER COURT ERRED AS A MATTER OF LAW AND FACT IN ITS JUDGMENT ENTRY OF MARCH 14, 2000, WHICH GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Appellant argues that pursuant to Fed. Civ.R. 8 (C), appellee waived the defense of res judicata by failing to plead this defense in its answer in the federal court proceeding. Appellants' state claims were dismissed by the Federal Court without prejudice. A dismissal without prejudice indicates an absence of a decision on the merits, and leaves the parties free to litigate the matter in a subsequent action as though the dismissed action had not been commenced. D'Abate v. Zorn (October 14, 1988), Lake App. No. 12-169, unreported. Therefore, any alleged pleading deficiencies in the federal case are of no consequence, as the dismissal left the parties in the same position they were in before the action had been commenced. In any event, appellee pled the defense of res judicata at the first opportunity. The answer to the federal case was filed on July 12, 1995. The State claim was not dismissed in Common Pleas Court until September 21, 1995. Pursuant to Civ.R. 15, appellee's opportunity to amend the complaint as of right, within twenty days after the pleading is served, had expired before the defense arose. Appellants argue that appellee could have requested leave of court to amend the answer. We decline to hold that the defense was waived by the failure of appellee to file for leave of court to amend the federal answer to allege the defense. Appellant did not waive the affirmative defense of res judicata. Clearly, the dismissal with prejudice of the case in Common Pleas Court on September 21, 1995, barred the instant action. The court did not err in granting summary judgment on the basis of res judicata. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, V. J., concur